## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA          )
                                  )     **CRIMINAL NO.: 2016-CR-00035**
                                  )
v.                                )
                                  )
**MOHAMMED JUBRAN,**              )
                                  )
            **Defendant.**        )
_____)

## PLEA AGREEMENT

### 1. PARTIES TO THE AGREEMENT

This agreement is entered into by and between defendant MOHAMMED JUBRAN, ROBERT KING, Esquire, attorney for Mohammed Jubran, and the United States Attorney for the District of the Virgin Islands.   This agreement specifically excludes and does not bind any other territorial, state, or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

### 2. TERMS

The parties agree to the following terms:

Defendant will plead guilty to Count One of the Indictment.

Count One charges a violation of Title 18, United States Code, Sections 922(a)(1)(A), Trafficking Firearms in Interstate and Foreign Commerce, which carries a maximum term of imprisonment of not more than five (5) years, a period of at least one (1) year but no more than three (3) years supervised release, a maximum fine of $250,000.00 and a special assessment of $100.00 due immediately.

b.      In Count One of the Indictment, the defendant acknowledges that the government can prove the following essential elements beyond a reasonable doubt:

1.    The defendant was not licensed to deal, import or manufacture firearms; and

2.    The defendant willfully engaged in the business of dealing, importing or manufacturing firearms.

c.    Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the Indictment. In pleading guilty to the offense, defendant acknowledges that should the case go to trial, the government could present evidence to support this charge beyond a reasonable doubt.

On October 15, 2015, a DEA Agent working in an undercover capacity ("UC") made contact with Mohammed Jubran via telephone and told him that the UC was ready to purchase the firearm he had negotiated with his partner. Jubran gave the UC directions to the Happy View Market parking lot and told the UC to meet him there. Surveillance of the UC and JUBRAN was then iniiated by Agents in the area of the Happy View Market parking lot.

The UC proceeded to the Happy View Market and Jubran was observed by Agents standing near the Thrifty Car Rental Office parking lot which is in close proximity to the Happy View Market. Jubran was talking on his cell phone and carrying a backpack. After the UC arrived, Jubran entered the UC's vehicle and pulled a rifle with a pistol grip out of the backpack that he had been seen carrying. The UC gave Jubran $3,500 for the rifle. After counting the money, Jubran told the UC that he would have more firearms in the future for sale if the UC was interested. Jubran then exited the vehicle and surveillance was terminated.

The contents of the backpack were removed and inspected by ATF Agent Steven Waters. Agent Waters identified the firearm as an ITM Arms Co., model AK-74, 5.45x39mm caliber pistol,

serial number 0001973. There was also a high-capacity magazine in the backpack that contained 15 rounds of 5.45x39mm caliber ammunition. Agent Waters test fired the firearm and determined that it was a properly functioning semi-automatic firearm. The firearm was not manufactured in the United States Virgin Islands and traveled in or affected interstate commerce. Mohammed Jubran is not a licensed to possess the firearm in the Virgin Islands, and he is not a Federal Firearms Licensee.

     d. Upon the District Court's adjudication of guilt of defendant for violation of Title 18, Un ed States Code, Sections 922(a)(1)(A), the United States Attorney for the District of the Virgin Islands, agrees to seek the dismissal of the remaining count(s) of the Indictment, if any, at the time of the defendant's sentencing. Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

     e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

     f. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nonetheless affirms that he wants to plead guilty regardless of any immigration consequences that his may entail, even if the consequence is his automatic removal from the United States.

### 3. **SENTENCING GUIDELINES**

The parties understand and agree that the defendant will be sentenced in accordance with the United States Sentencing Guidelines which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. The parties understand that the calculations contained below are based on information that is currently in the parties' possession and may change based on the investigation conducted by the Office of Probation.

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which may be in dispute.

a.    Base Offense Level.   The Government believes the defendant committed the offense of Trafficking Firearms in Interstate and Foreign Commerce, which has a base offense level is 20. (USSG § 2K2.1(a)(4)(ii)(l).

b.    Specific Offense Characteristics.   The government believes the following specific offense characteristics apply in this matter:

> i.    three (3) firearms, thus there is an additional 2 points. (USSG § 2K2.1(b)(1)(A)),
>
> ii.   the possession of a firearm with an obliterated serial number, therefore an additional 4 points apply. (USSG § 2K2.1(b)(4)(B)),

       iii.    the defendant engaged in the trafficking of firearms, an additional 4 points. (USSG § 2K2.1(b)(5)), and

       iv.    the defendant transferred any firearm or ammunition with knowledge, intent or reason to believe that it would be transported out of the United States, an additional 4 points. (USSG § 2K2.1(b)(6)(A).

The parties are aware that the Office of Probation can find that these apply and recommend to the Court its application and/or the Office of Probation can find additional Specific Offense Characteristics not mentioned above.

    c.    <u>Chapter 3 Adjustments.</u>   Not application, however, the Office of Probation may find that there are Chapter 3 Adjustments that apply.

    d.    <u>Grouping of Related Counts.</u>   There are no groupings of counts.

    e.    <u>Acceptance of Responsibility.</u>   The government agrees to recommend that the defendant receive credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG § 3E1.1. Assuming the defendant does in fact accept responsibility, the government agrees to also file a motion requesting that the defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (i) the Court determines that the total [combined] offense level is 16 or greater prior to the operation of USSG § 3E1.1; (ii) the defendant returns a signed copy of this plea agreement to the undersigned no later than **OCTOBER 31, 2016**; and, (iii) the defendant thereafter actually enters plea(s) of guilty at the time scheduled.

f.    Criminal History Category.    Based on information available at this time, the parties agree that the defendant's criminal history category is I.

g.    Guideline Range.    Based on the Government's calculation, if the base offense level is 34, and the criminal history category is I, the advisory Sentencing Guidelines range is 151-188 months of imprisonment.    If the adjusted offense level is 31 (deducting 2 levels for acceptance of responsibility under USSG § 3E1.1(a)), one point under USSG § 3E1.1(b)) and a criminal history category of I, the advisory Sentencing Guidelines range is 108-135 months of imprisonment.

h.    Fine Range.    If the base offense level is 34, the fine range is $35,000 to $350,000. If the adjusted offense level is 31, the fine range is $15,000 to $150,000.    (USSG § 5E1.2(c)(3)).

i    Supervised Release.    The Sentencing Guidelines require a term of supervised release of at least 1 year but not more than 3 years.    (USSG § 5D1.2(a)(2)).

j.    Departures.    Based on information available at this time, the parties agree that there are no grounds for departure from the applicable guideline range.

k.    If the defendant agrees to provide substantial assistance in the investigation or prosecution of another person, as defined in Fed. R. Crim. P. 35, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this Plea Agreement and shall define the terms of such assistance or cooperation, if any.

l.    The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.    Acknowledging all this, the defendant

knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under Title 28, United States Code, Section 2255, with the exception of the claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

m.      The parties reserve the right to allocute fully all information in their possession which is deemed relevant and the Government will recommend that the defendant's sentence be sixty (60) months.

### 4.      WAIVERS

#### a.      Venue

The defendant waives any challenge to venue in the District of the Virgin Islands.

#### b.      **Statute of Limitations**

The defendant agrees that, should the conviction following his plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed

not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the Statement of Offense that is not time-barred on the date that this Agreement is signed.

### c.    Trial Rights

The defendant understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. The defendant agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. The defendant also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, the defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and the defendant chose not to testify at that trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. The defendant would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If the defendant were found guilty after a trial, he would have the right to appeal his conviction. The defendant

understands that the Fifth Amendment to the Constitution of the United States protects the defendant from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, the defendant knowingly and voluntarily waives or gives up his right against self-incrimination.

The defendant acknowledges that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules in the event he withdraws his guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

The defendant also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. The defendant further understands that the date for sentencing will be set by the Court.

## 5. **FORFEITURE**

a. Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms involved in the commission of the offenses, including but not limited to the following firearms and associated ammunition:

    1. ITM Arms Co., model AK-47, 5.45x39mm caliber, serial number 0001973,

    2. Beretta 9mm, model 92FS, serial number BER435278, and

      3.    Romarm CUGIR, 7.62mm, serial number obliterated

    b.    Before sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

    c.    Defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property which may be forfeitable as substitute assets.

    d.    Defendant agrees to forfeit all forfeitable assets to the United States. Defendant shall take all steps necessary to transfer these assets to the United States, including, but not limited to, executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States.

    e.    At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

6.     **CONCLUSION**

There are no other agreements between the United States Attorney for the District of the

Virgin Islands and the defendant.    The defendant enters this agreement knowingly, voluntarily,

and upon advice of counsel.

RONALD W. SHARPE
UNITED STATES ATTORNEY

Dated: **10/25/2016**          .          By:    _____
Christian Fisanick
Criminal Chief

Dated: **10/25/16**

_____
Sigrid Tejo-Sprotte
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Robert King, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: *October 25, 2016*　　　　　　*Mohammed Raja Jubran*
　　　　　　　　　　　　　　　　　　Mohammed Jubran
　　　　　　　　　　　　　　　　　　Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with the defendant, Mohammed Jubran, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: *October 25, 2016*

　　　　　　　　　　　　　Robert King
　　　　　　　　　　　　　Attorney for Defendant